UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SANDRA CRANE as she is the FUND MANAGER of the NEW ENGLAND TEAMSTERS and BAKING INDUSTRY HEALTH BENEFITS and INSURANCE FUND,<br><br>Plaintiff,<br><br>v.<br><br>FRITO-LAY, INC.,<br><br>Defendant. | 05cv10145 GAO<br><br>Civil Action No. |

## COMPLAINT

### Introductory Statement

1. This is an action on behalf of the New England Teamsters and Baking Industry Health Benefits and Insurance Fund, an employee welfare benefit plan, for the collection of delinquent contributions due the plan from the defendant, Frito-Lay, Inc.

### Jurisdiction and Venue

2. This Court has jurisdiction over the subject matter of this action pursuant to Section 502 (a)(3) of the Employee Retirement Income Security Act, 29 U.S.C. §1132(a)(3) (hereinafter, "ERISA").

3. Venue is proper in this District Court pursuant to ERISA Section 502(e)(2), 29 U.S.C. §1132(e)(2), because, inter alia, the relevant employee welfare benefit plan is

administered in this District, and pursuant to 28 U.S.C. §1391(a), because Plaintiff's claims arose in this District.

### Parties

4. Sandra Crane (hereinafter, "Plaintiff") is the Fund Manager of the New England Teamsters and Baking Industry Health Benefits and Insurance Fund (hereinafter, "the Fund"). Plaintiff is a fiduciary with respect to the Fund within the meaning of ERISA Section 3(21), 29 U.S.C. §1002(21), and she is authorized to bring this action on behalf of the Fund.

5. The Fund exists by virtue of an Agreement and Declaration of Trust ("Trust Agreement") and is an "employee welfare benefit plan" within the meaning of ERISA Section 3(1), 29 U.S.C. §1002(1). The Fund is administered by Trustees in accordance with the Trust Agreement, and exists for the exclusive purpose of providing health, medical and related benefits to its participants and beneficiaries. The Fund has its principal office and is administered from 51 Glenn Street, Lawrence, Massachusetts 01843.

6. The Defendant Frito-Lay, Inc. (hereinafter, "Defendant" or "Frito-Lay") is a foreign corporation organized under the laws of the state of Delaware and having a usual place of business at 337 Ballard Vail Street, Wilmington Massachusetts, within the District of Massachusetts.

### Allegations of Fact

7. The Fund is established and exists by virtue of an Agreement and Declaration of Trust ("the Trust Agreement") as amended from time to time and is jointly administered by a Board of Trustees by employers in the baking industry in the New England area and by local

unions affiliated with the International Brotherhood of Teamsters who represent employees in the baking industry.

8. The Trust Agreement calls for employers who have entered into collective bargaining agreements with one or more participating Teamsters-affiliated local unions to make contributions to the Fund at stated weekly rates for covered employees. The Trust Agreement also authorizes the Board of Trustees to establish the contribution rates necessary for the maintenance of benefits under the terms of the Fund as administered by the Plaintiff for the benefit of covered employees and their dependents.

9. The Trust Agreement also calls for participating employers having collective bargaining agreements with participating Teamster-affiliated local unions to be bound by the actions of the Trustees pursuant to the Agreement and Declaration of Trust.

10. A true copy of the signature page of the Trust Agreement executed by the Defendant with respect to its collective bargaining agreement with Teamsters Local Union No. 64 is attached hereto as Exhibit 1.

11. A true copy of the signature page of the Trust Agreement executed by the Defendant with respect to its collective bargaining agreement with Teamsters Local Union No. 686 is attached hereto as Exhibit 2.

12. The Defendant entered into a collective bargaining agreement with Teamsters Local Union No. 686 ("the Local 686 agreement") which was effective, by its own terms, for the period from March 2, 1999 to March 2, 2003. The Local 686 agreement contained an Article 26 entitled Health and Welfare requiring the Defendant to contribute to the Fund at a weekly rate of $122.00 per covered employee for the period May 1, 1999 to April 30, 2000.

3

13. Article 26 of the Local 686 agreement also required the company to increase the contribution rate by a maximum of ten percent (10%) in the second year of the agreement and by an additional maximum of ten percent (10%) in the third year of the agreement if necessary to maintain health care benefits for employees covered under the terms of the Fund. A true copy of Article 26 of the Local 686 agreement is attached hereto as Exhibit 3.

14. The Defendant entered into a collective bargaining agreement with Teamsters Local Union No. 64 ("the Local 64 agreement") which was effective by its own terms for the period from March 2, 1999 to March 2, 2002. The Local 64 agreement contained an Article 26 entitled Health and Welfare that was identical in all material respects to the Article 26 of the Local 686 agreement. A true copy of Article 26 of the Local 64 agreement is annexed hereto as Exhibit 4.

15. In February 2000 the Fund's Board of Trustees determined that an increase in contribution rates to $130.00 per employee per week was necessary to maintain Fund benefits. Frito-Lay was notified of the rate increase but did not increase its weekly contribution rate to $130.00 in the second year of the Local 64 agreement or the Local 686 agreement.

16. In February 2001 the Fund's Board of Trustees determined that an increase in contribution rates to $143.00 per employee per week was necessary to maintain Fund benefits. Frito-Lay was notified of the rate increase but once again did not increase its weekly contribution rate to $143.00 in the third year of the Local 64 agreement or the Local 686 agreement.

## Count I

17. The Plaintiff repeats the allegations contained in paragraphs 1 though 16 as if fully set forth herein.

18. Defendant has failed and refused to make contributions to the Fund as required by its collective bargaining agreements with Local 64 and 686 in violation of ERISA Section 515 and will continue to so fail and refuse unless otherwise ordered by this Court.

## Count II

19. The Plaintiff repeats the allegations contained in paragraphs 1 though 16 as if fully set forth herein.

20. Defendant has failed and refused to make contributions to the Fund as required by the terms of the Plaintiff employee welfare benefit plan in violation of ERISA Section 515 and will continue to so fail and refuse unless otherwise ordered by this court.

## Claims for Relief

WHEREFORE, the Plaintiff prays that this Court grant her the following relief, as provided for by 29 U.S.C. §1132(a) (3) and §1132(g)(2):

(a) A judgment in her favor as Fund Manager as against the Defendant, Frito-Lay, Inc.;

(b) The unpaid contributions owed by Defendant to the Fund;

(c) Interest on the unpaid contributions;

(d) An amount equal to the greater of:

(1) Interest on the unpaid contributions, or

(2) Liquidated damages in the amount of 20% of the unpaid contributions;

(e) Attorneys' fees and costs; and

(f) Such other legal or equitable relief as the Court finds appropriate.

          For the Plaintiff
**SANDRA CRANE**
**FUND MANGER of the NEW ENGLAND**
**TEAMSTERS and BAKING INDUSTRY**
**HEALTH BENEFITS and INSURANCE FUND,**
By her attorney,

_____
Matthew E. Dwyer
B.B.O. # 139840
Dwyer, Duddy & Facklam
Attorneys at Law, P.C.
One Center Plaza, Suite 360
Boston, MA 02108-1804

Date:  January 25, 2005
(617) 723-9777

F:\BakeryFund\Frito Lay\pldgs\complaint.doc

## Agreement and Declaration of Trust

NEW ENGLAND TEAMSTERS AND BAKING INDUSTRY
HEALTH BENEFITS AND INSURANCE FUND

The undersigned Employer, having entered into a Collective Bargaining Agreement with Local Union No. 67, affiliated with the Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, which provides among other things for contributions to the New England Teamsters and Baking Industry Health Benefits and Insurance Fund, agrees to be bound by the foregoing Agreement and Declaration of Trust and hereby irrevocable designates as its representatives on the Board of Trustees such Trustees as are named in said Agreement as Employer Trustees together with their successors selected in the manner provided for in the within Agreement and agrees to be bound by all actions taken by said Employer Trustees pursuant to the said Employer Trustees pursuant to the said Agreement and Declaration of Trust.

Dated: 12/26/79

By: *[signature]*

Employer: FRITO-LAY, INC.
Address: Box 35034
         DALLAS, TX. 75235

21
22

## Agreement and Declaration of Trust

NEW ENGLAND TEAMSTERS AND BAKING INDUSTRY
HEALTH BENEFITS AND INSURANCE FUND

The undersigned Employer, having entered into a Collective Bargaining Agreement with Local Union No. 1000 affiliated with the Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, which provides among other things for contributions to the New England Teamsters and Baking Industry Health Benefits and Insurance Fund, agrees to be bound by the foregoing Agreement and Declaration of Trust and hereby irrevocable designates as its representatives on the Board of Trustees such Trustees as are named in said Agreement as Employer Trustees together with their successors selected in the manner provided for in the within Agreement and agrees to be bound by all actions taken by said Employer Trustees pursuant to the said Employer Trustees pursuant to the said Agreement and Declaration of Trust.

Dated: 12/26/79

By: _Lemuel B Clegg_ (signature)

Employer: FRITO-LAY, INC
Address: Box 35034
Dallas, TX 75235

NOV 8 - 1999

1999 - 2002

FRITO-LAY, INC.

&

TEAMSTERS LOCAL UNION NO. 686

Affiliated with the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America

Wilmington, MA - Sales/Whse.
New England

## Article 25 - Jury Duty Pay

An employee who is called to serve as a juror shall be paid a full day earnings equal to 1/5 of 1/52nd of formula earnings (base + commission + VRCT where applicable) for each day he/she serves.

## Article 26 - Health and Welfare

Effective March 2, 1999, the Company will contribute one hundred twelve dollars ($112.00) per week for each employee into the New England Teamsters and Baking Industry Health Benefits Insurance Fund to provide health and welfare benefits for the employees covered hereby. The current rate of one hundred twelve dollars ($112) per week, per employee, shall remain in effect through April 30, 1999. Commencing May 1, 1999, the rate shall be one hundred twenty two dollars ($122) per week, per employee.

Section 2.   In addition, if required to maintain the benefits of Plan 'J' as amended below, a copy of which is attached, the Company would increase the weekly contribution by a maximum of ten percent (10%) per contractual year, for the second and third years of the contract.

Section 3.   The Union will notify the Company of any benefit changes prior to implementation.

Section 4.   Retired employees will be covered under the applicable Frito-Lay health and welfare plan.

## Article 27 - Pension

Section 1.   The Company agrees to cover all employees under either Frito-Lay's Retirement Plan for Commissioned Salespersons or Frito-Lay's Retirement Plan for Hourly Employees, as may be applicable.

Section 2.   The Employer further agrees to the following conditions for all of the employees covered under this collective bargaining agreement who are on the seniority list as of ratification of the contract and returned to active employment.

The amount of this minimum pension is the monthly pension they would have been eligible to receive from the New England Teamsters and Trucking Industry Pension plan if they had remained a participant until their termination as a Frito-Lay employee. The monthly benefits guaranteed above are herewith fixed at the present level as described in the New England Teamsters and Trucking Industry Summary Plan Description effective October 1, 1976 as amended through August 23, 1979, which would be payable if the employer were contributing to said fund at the benefit contribution rate of eighty cents ($.80) per covered hour.

The pensions will be guaranteed in the form of actuarially equivalent fixed lifetime annuities, or joint and 50% survivor annuities, whichever is applicable.

If the guarantee is in the form of a joint and 50% survivor annuity, the amounts counted



## Article 25 - Jury Duty

An employee who is called to serve as a juror shall be paid a full day earnings equal to 1/5 of 1/52nd of formula earnings (base + commission + VROT where applicable) for each day he/she serves.

## Article 26 - Health and Welfare

Section 1.    Effective March 2, 1999, the Company will contribute one hundred twelve dollars ($112.00) per week for each employee into the New England Teamsters and Baking Industry Health Benefits Insurance Fund to provide health and welfare benefits for the employees covered hereby. The current rate of one hundred twelve dollars ($112) per week, per employee, shall remain in effect through April 30, 1999. Commencing May 1, 1999, the rate shall be one hundred twenty two dollars ($122) per week, per employee.

Section 2.    In addition, if required to maintain the benefits of Plan 'J' as amended below, a copy of which is attached, the Company would increase the weekly contribution by a maximum of ten percent (10%) per contractual year, for the second and third years of the contract.

Section 3.    The Union will notify the Company of any benefit changes prior to implementation.

Section 4.    Retired employees will be covered under the applicable Frito-Lay health and welfare plan.

## Article 27 - Pension

Section 1.    The Company agrees to cover all employees under either Frito-Lay's Retirement Plan for Commissioned Salespersons or Frito-Lay's Retirement Plan for Hourly Employees, as may be applicable.

Section 2.    The Employer further agrees to the following conditions for all of the employees covered under this collective bargaining agreement who are on the seniority list as of ratification of the contract and returned to active employment.

The amount of this minimum pension is the monthly pension they would have been eligible to receive from the New England Teamsters and Trucking Industry Pension plan if they had remained a participant until their termination as a Frito-Lay employee. The monthly benefits guaranteed above are herewith fixed at the present level as described in the New England Teamsters and Trucking Industry Summary Plan Description effective October 1, 1976 as amended through August 23, 1979, which would be payable if the employer were contributing to said fund at the benefit contribution rate of eighty cents ($.80) per covered hour.

The pensions will be guaranteed in the form of actuarially equivalent fixed lifetime annuities, or joint and 50% survivor annuities, whichever is applicable.

If the guarantee is in the form of a joint and 50% survivor annuity, the amounts counted

12

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

RECEIVED
CLERK'S OFFICE
U.S.D., MASS.
Date 1/25/2005
By M.P.

## I. (a) PLAINTIFFS
Sandra Crane as she is the Fund Manager of the New England Teamsters and Baking Industry Health Benefits and Insurance Fund

**(b)** County of Residence of First Listed Plaintiff: Essex
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number) 617-723-9777
Dwyer, Duddy & Facklam
One Center Plaza, Suite 360 Boston, MA 02108

## DEFENDANTS
Frito-Lay, Inc.

County of Residence of First Listed Defendant: Middlesex
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)
05-10145 GAO

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment / **Habeas Corpus:** | ☒ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):

Brief description of cause:
This is a suit to recover delinquent contributions due on employee benefit fund

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE 1/25/05
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # ___ AMOUNT ___ APPLYING IFP ___ JUDGE ___ MAG. JUDGE ___

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __Sandra Crane v. Frito-Lay Inc.__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   ☐  I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ☒  II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,      *Also complete AO 120 or AO 121
            740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.        for patent, trademark or copyright cases

   ☐  III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
            315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
            380, 385, 450, 891.

   ☐  IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
            690, 810, 861-865, 870, 871, 875, 900.

   ☐  V.   150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   __N/A__

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES ☐   NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES ☐   NO ☒

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES ☐   NO ☒

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES ☐   NO ☒

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES ☒   NO ☐

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division ☒    Central Division ☐    Western Division ☐

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division ☐    Central Division ☐    Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES ☐   NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __Matthew E. Dwyer, Esq.__
ADDRESS __One Center Plaza, Suite 360 Boston, MA 02108__
TELEPHONE NO. __617-723-9777__

(Coversheetlocal.wpd - 10/17/02)