UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| SANDRA CRANE as she is the FUND MANAGER of the NEW ENGLAND TEAMSTERS and BAKING INDUSTRY HEALTH BENEFITS and INSURANCE FUND, | ) ) ) ) ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 05-10145-MLW |
| v. | ) ) ) | |
| FRITO-LAY, INC., | ) ) | |
| Defendant. | ) ) | |

## DEFENDANT FRITO-LAY, INC.'S ANSWER

Defendant Frito-Lay, Inc. ("Frito-Lay") answers Plaintiff's Complaint as follows:

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

All payments to the New England Teamsters and Baking Industry Health Benefits and Insurance Fund required under agreements between the parties have been made.

### THIRD DEFENSE

Plaintiff's claim is barred by the doctrine of waiver and/or estoppel.

### FOURTH DEFENSE

Plaintiff's claim is barred by the applicable statute of limitations and the equitable doctrine of laches.

## FIFTH DEFENSE

Defendant has acted in good faith at all times.

## SIXTH DEFENSE

Some or all of Plaintiff's claims are preempted by the terms of the relevant collective bargaining agreements.

## SEVENTH DEFENSE

Some or all of Plaintiff's claims should be dismissed for failure to exhaust administrative and/or contractual remedies.

## EIGHTH DEFENSE

For its answer to the specific allegations of Plaintiff's Complaint, Defendant responds as follows. Defendant denies every allegation of the Complaint not otherwise controverted or specifically admitted below.

### Introductory Statement

1.  Defendant admits that Plaintiff purports to bring this action as described in paragraph 1 of the Complaint, denies that Defendant violated any statutes or laws, and denies that Plaintiff is entitled any relief or damages in this action.

### Jurisdiction and Venue

2.  Defendant admits that Plaintiff purports to predicate jurisdiction on the statute cited in paragraph 2 of the Complaint, and denies that Plaintiff has any viable claims.

3.  Defendant admits that Plaintiff purports to predicate venue on the statute cited in paragraph 3 of the Complaint, and denies that Plaintiff has any viable claims.

4. Upon information and belief, Defendant admits that Sandra Crane is the Fund Manager of the New England Teamsters and Baking Industry Health Benefits and Insurance Fund. Paragraph 4 otherwise states a legal conclusion to which no response is required.

5. Defendant is without knowledge or information sufficient to form an opinion as to the truth of the allegations contained in paragraph 5 of the Complaint and said allegations are, therefore denied. Paragraph 5 otherwise states a legal conclusion to which no response is required.

6. Defendant admits that it is a foreign corporation organized under the laws of the State of Delaware and that it has a place of business at 337 Ballardvale Street, Wilmington, Massachusetts.

## Allegations of Fact

7. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint and said allegations are, therefore denied. Further, the terms of any trust agreement speak for themselves, and legal conclusions concerning their interpretation require no response.

8. The terms of the trust agreement speak for themselves, and legal conclusions concerning their interpretation require no response.

9. The terms of the trust agreement speak for themselves, and legal conclusions concerning their interpretation require no response.

10. Defendant admits that Exhibit 1 to Plaintiff's Complaint is a document entitled Agreement and Declaration of Trust that is dated December 26, 1979, and appears to be signed by a Frito-Lay employee. Defendant denies the remaining allegations contained in paragraph 10 of the Complaint.

B3011930v1

11.    Defendant admits that Exhibit 2 to Plaintiff's Complaint is a document entitled Agreement and Declaration of Trust that is dated December 26, 1979, and appears to be signed by a Frito-Lay employee. Defendant denies the remaining allegations contained in paragraph 11 of the Complaint.

12.    Defendant admits that it entered into a collective bargaining agreement with Teamsters Local Union No. 686 which was effective, by its own terms, for the period from March 2, 1999 to March 2, 2002, the terms of which speak for themselves, and legal conclusions concerning their interpretation require no response. Defendant denies the remaining allegations contained in paragraph 12 of the Complaint.

13.    Defendant admits that a copy of Article 26 of the Local 686 agreement is attached to the Complaint, the terms of which speak for themselves, and legal conclusions concerning their interpretation require no response. Defendant denies the remaining allegations contained in paragraph 13 of the Complaint.

14.    Defendant admits that it entered into a collective bargaining agreement with Teamsters Local Union No. 64 which was effective, by its own terms, for the period from March 2, 1999 to March 2, 2002, that a copy of Article 26 of that agreement is attached to Plaintiff's Complaint as Exhibit 4, and that the terms of which speak for themselves, and legal conclusion concerning their interpretation require no response. Defendant denies the remaining allegations contained in paragraph 14 of the Complaint.

15.    Defendant is without knowledge or information sufficient to form a belief as to what the Fund's Board of Trustees determined and therefore the allegation contained in the first sentence of paragraph 15 of the Complaint is denied. Defendant admits that it was notified in 2000 of a rate increase to $130.00 per employee per week. Defendant further responds that it

made this increase and denies the remaining allegations contained in paragraph 15 of the Complaint.

16. Defendant is without knowledge or information sufficient to form a belief as to what the Fund's Board of Trustees determined and therefore the allegation contained in the first sentence of paragraph 16 of the Complaint is denied. Further responding, Defendant admits that it did not increase its weekly contribution rate to $143.00 in the third year of the agreement with Local 64 and denies the remaining allegations contained in paragraph 16 of the Complaint.

## Count I

17. Defendant repeats its responses contained in paragraphs 1 through 16 as if fully set forth herein.

18. Defendant denies the allegations contained in paragraph 18 of the Complaint.

## Count II

19. Defendant repeats its responses contained in paragraphs 1 through 18 as if fully set forth herein.

20. Defendant denies the allegations contained in paragraph 20 of the Complaint.

WHEREFORE, having fully answered, Defendant respectfully prays:

(a) That judgment be entered against Plaintiff and in favor of Defendant, that the Complaint be dismissed with prejudice, and that Defendant be discharged therefrom;

(b) That judgment in this action be entered against Plaintiff and in favor of Defendant for all costs in this action; and

B3011930v1

(c)     That Defendant be awarded reasonable attorneys' fees in accordance with the parties' collective bargaining agreement and such other and further relief as this Court may deem just and proper.

Respectfully submitted,

FRITO-LAY, INC.,

By its attorneys,

_____
Barbara S. Hamelburg (BBO # 218670)
David C. Kurtz (BBO # 641380)
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA 02110-2600
(617) 832-1000

-and-

R. Slaton Tuggle, III (GA Bar No. 718325)
Thomas H. Christopher (GA Bar No. 125512)
John W. Alden (GA Bar No. 008074)
KILPATRICK STOCKTON LLP
1100 Peachtree Street
Suite 2800
Atlanta, GA 30309
(404) 815-6500

Dated: March 29, 2005

B3011930v1